IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CR3013 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON THE |
| | ) | PLAINTIFF'S OBJECTION TO THE |
| BRADLEY HARRIS, | ) | PRESENTENCE INVESTIGATION |
| | ) | REPORT |
| Defendant. | ) | |
| | ) | |

On August 18, 2010, the plaintiff filed an objection to the Presentence Investigation Report (PSR) prepared by the U.S. Probation Office for this case. (See filing 29.) Mainly, the plaintiff objects to the probation officer's determination that the defendant's offense level should be decreased to 6 pursuant to U.S.S.G. § 2K2.1(b)(2) on the ground that "[t]he defendant possessed all firearms solely for lawful sporting purposes . . . and did not unlawfully discharge or otherwise unlawfully use such firearms." (PSR ¶ 33. See also filing 29 at 1.)[1] This objection was taken up during a sentencing hearing on December 8, 2010. I have considered the evidence and argument presented during that hearing, and I find that the plaintiff's objection must be sustained.

The defendant bears the burden of proving that he possessed the firearms in question "solely for lawful sporting purposes or collection." United States v. Massey, 462 F.3d 843, 845 (8th Cir. 2006). "In determining the purposes for which a defendant possesses a firearm," a court "consider[s] the number and type of firearms, the amount and type of ammunition, the location and circumstances of possession and actual use, the nature of the defendant's criminal history . . . and the extent to which possession was restricted by local law." United States v. Bertling, 510 F.3d 804, 811 (8th Cir. 2007) (citations and internal quotation marks omitted). To satisfy his burden in his case, the

---

[1] The plaintiff also objects to paragraphs 38, 39, and 41 of the PSR because the calculations made therein incorporate the § 2K2.1(b)(2) decrease. (See filing 29 at 1.) The government made no other objections to the PSR. Thus, it is fair to say that the plaintiff's objections all relate to the § 2K2.1(b)(2) issue.

1

defendant presented testimony from Steven Bedea, who is a friend of the defendant's. Mr. Bedea said that he knows the defendant to be a hunter; that for several years, he has given the defendant permission to hunt for deer on land belonging to Mr. Bedea's father; that the defendant built a stand for hunting dear on this land; that the defendant has, in fact, hunted deer on the land each year for the past several years (with the exception of 2010); that three of the five firearms at issue in this case are generally used for hunting deer, while the other two are generally used for hunting birds; and that Bedea has seen the three deer-hunting firearms in the defendant's possession on occasions when the defendant came onto the land to hunt. The defendant also submitted an exhibit showing "documented digital confirmation" of the defendant's deer hunting permits for the years 2005, 2006, 2008, and 2009, "digital confirmation of resident shotgun spring turkey permits for the years 2007, 2008[,] and 2009," and "resident hunt permits" for the years 2003, 2004, 2006, 2007, 2008, and 2009. (See Def.'s Ex. 101.)

In opposition to the defendant's position, the government argues that the defendant's pawning of the firearms "does not qualify as a sporting purpose" and renders him ineligible for the § 2K2.1(b)(2) reduction. (Filing 29 at 1.) In support of this argument, the plaintiff refers me to United States v. Keever, 57 F. App'x 719 (8th Cir. 2003). In Keever, the defendant "sold a gun to a pawn shop on behalf of the gun's owner," and thereafter pleaded guilty to a charge of being a felon in possession of a firearm. 57 F. App'x at 719. He sought an offense level reduction under § 2K2.1(b)(2), arguing that "he qualifies for this reduction because the gun's owner told Keever his uncle had used the gun for hunting." 57 F. App'x at 720. The Eighth Circuit rejected his argument, stating, "We agree with the district court that the surrounding circumstances indicate Keever possessed the gun for the sole purpose of selling it to the pawn shop, and pawning the weapon does not qualify as a sporting purpose or as collection." Id. I find Keever to be distinguishable from the instant case, as here there is no evidence that the defendant received the firearms "for the sole purpose of selling [them] to the pawn shop." Also, for the reasons explained by Judge Bennett in United States v. Visser, 611 F. Supp. 2d 907, 912 (N.D. Iowa 2009), I reject the plaintiff's suggestion that Keever stands for the legal proposition that the pawning of a firearm invariably renders § 2K2.1(b)(2) unavailable to a defendant, even if the firearm had been possessed solely for sporting purposes.

The plaintiff also argues that the defendant has simply failed to show, by a preponderance of the evidence, that he possessed the firearms solely for lawful sporting purposes. More specifically, the plaintiff argues that the defendant's evidence is insufficient because it touches only upon a "snapshot of part of a time period" during which the defendant possessed the firearms (i.e., hunting season), but not the entire relevant time period. In support of this argument, the plaintiff refers me to United States v. Phillips, No. 92-1173, 1992 WL 190531 (8th Cir. 1992). In Phillips, the defendant pleaded guilty to selling two rifles to a government agent in 1990 and 1991 in violation of 18 U.S.C. § 922(g)(1). At sentencing, Phillips argued that the rifles were used solely for sporting purposes, and therefore his offense level ought to have been reduced under § 2K2.1(b)(2). In support of his argument, he presented testimony from three witnesses:

> Glen Weathers, a lifelong friend, testified that he had gone hunting with Phillips ten to fifteen times. Weathers also stated that hunters frequently sell and swap their guns. On cross-examination he admitted he had been hunting with Phillips only three times since 1982. Appellant's brother, Paul Phillips, testified that he had been hunting with appellant "maybe" 2 to 3 times since 1982, but then stated he had not hunted with him since April 19, 1982. He also testified that it is common for hunters to sell and trade their guns. Tom Hinton, an investigator, testified that he obtained a copy of a Missouri deer hunting license issued to [Phillips] for the year 1990.

1992 WL 190531, at *1. The district court found that Phillips failed to prove that he used the rifles solely for sporting purposes, and the Eighth Circuit held that this finding was not clearly erroneous, stating, "Although Phillips offered evidence at the sentencing hearing that he was a hunter and that hunters frequently sell their guns, he presented no evidence that hunting was his sole use of these particular guns." Id. (emphasis added).

Phillips does not seem to address the specific point raised by the government in opposition to the defendant's position (i.e., that the defendant must put on evidence concerning the firearm's use outside of hunting season). Also, I note that the defendant here has put on better evidence than did Phillips: In addition to evidence indicating that he is a hunter with relevant permits, Mr. Harris presented testimony from a witness who saw three of the five firearms in the defendant's possession on occasions when the defendant was going hunting. The defendant also presented testimony that all five firearms are, generally speaking, suitable for hunting use. However, there is no evidence indicating whether two of the firearms were possessed or used by the defendant for hunting. On the

3

contrary, Mr. Bedea's testimony indicates that these two firearms would not have been suitable for the sort of hunting that the defendant performed on the Bedea property. Because there is no evidence that the defendant possessed these two particular firearms for sporting purposes–let alone "solely" for sporting purposes–I find that the defendant has failed to satisfy his burden, and the plaintiff's objection to paragraph 33 of the PSR must be sustained.

During the sentencing hearing, the defendant argued that he cannot prove a negative–and I take his point to be that he should not have to put on evidence ruling out the possibility that the firearms were used for some purpose other than hunting when hunting was out-of-season. He also argued that the evidence, taken together with common sense, is sufficient to show that all of the firearms are designed for hunting and were, in fact, used for hunting by the defendant. I agree that the defendant is not required to disprove every possibility that the firearms could have been used for some non-sporting purpose. Nevertheless, it seems to me that the defendant must do more than show that he engages in hunting and that the relevant firearms were suitable for that activity. As Phillips indicates, where there is no evidence that a particular firearm was possessed or used for the purpose of hunting, it is appropriate to deny a defendant a § 2K2.1(b)(2) reduction.

After considering the factors itemized in United States v. Bertling, 510 F.3d 804, 811 (8th Cir. 2007), and listed above, I find that the defendant should not receive an offense level reduction under § 2K2.1(b)(2). Although all five firearms are of types suitable for hunting, and although it is clear that some of the firearms were actually used by the defendant for hunting, there is no evidence concerning the use or possession of two of the firearms–save for the fact that they were pawned. The evidence therefore does not preponderate in favor of a finding that the defendant "possessed all . . . firearms solely for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(2). Adjustments must be made to the PSR, including at paragraphs 33, 37, 38, 39, and 41, to account for this finding.

The defendant has asked for leave to file a motion for a downward departure or a variance in the event that I sustain the government's objection. (See, e.g., filing 28.) That request is granted, and the defendant shall have ten days from the date of this order to file such a motion.

**IT IS ORDERED** that:

1. the plaintiff's objection to the Presentence Investigation Report, filing 29, is sustained; and

2. the defendant may file a motion for a downward departure or a variance within ten days of the date of this order.

Dated January 7, 2011.

                BY THE COURT

                s/ Warren K. Urbom
                United States Senior District Judge